IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LAURA WETZEL-SANDERS,<br>(BOP No. 14362-031)<br>VS.<br><br>JUDGE JOHN McBRYDE | §<br>§<br>§   CIVIL ACTION NO.4:09-CV-431-Y<br>§<br>§<br>§ |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)
(With special instructions to the clerk of Court)

This case is before the Court for review of pro-se inmate and plaintiff Laura Wetzel-Sanders's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Wetzel-Sanders, an inmate at the Bureau of Prisons' ("BOP") FMC-Carswell facility, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983.[1] Wetzel-Sanders previously filed suit in this the Fort Worth division in *Wetzel-Sanders v. Federal Medical Center Carswell,* 4:08-CV-431-A, a case assigned to Judge McBryde. That case was summarily dismissed as frivolous under authority of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) by an order and judgment entered on August 18, 2008.[2] In the instant suit, plaintiff Wetzel-Sanders has named Judge

---

[1] As 42 U.S.C. § 1983 proscribes violation of constitutional rights by persons acting under color of state law, it does not apply. To the extent plaintiff Wetzel-Sanders has named an individual federal-government defendant, her complaint is hereby construed as brought under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens"),* 403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S. (2004).

[2] The Court takes judicial notice of the records of this case. FED R. EVID. 201(b).

McBryde as a defendant and complains that "he committed perjury" by stating that he sent her case/complaints to the U.S. Attorney's office on December 17, 2008. (Compl. § V, 6-7, 7-7.) She also complains that Judge McBryde "has not produced any documents showing me he forwarded my case," "sent my case on appeal for not putting a money amount on this same claim form," and "I fear for my safety everyday and he knows this." (Compl. § V.) Wetzel-Sanders seeks relief in the form of an order reinstating her case, an order to have her removed from FMC-Carswell, and 25 million dollars. (Comp. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[5] Consistent with § 1915A is prior case law recognizing

---

[3]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[5]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

2

that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[7] After review of the complaint under these standards, the Court concludes that Wetzel-Sander's claims must be dismissed.

With regard to Plaintiff's claims against Judge John H. McBryde, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[8] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[9] Wetzel-Sanders does not make this showing. Rather, her claims arise solely from alleged conduct that occurred during and arising from the suit filed as cause number 4:08-CV-431-A, including orders entered by Judge McBryde on December 16, 2008, and December 17, 2008, related to correspondence Wetzel-Sanders sent to him. Because the complained-of conduct by Judge McBryde was judicial in nature and was undertaken pursuant to the jurisdiction provided to the United States District Court, Judge McBryde is

---

[6]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[7]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8]*Mireless v. Waco*, 502 U.S. 9, 11 (1991), *citing Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *see also*, *Boyd* , 31 F.3d at 284.

[9]*Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

entitled to absolute immunity from Plaintiff's claims for damages.

With regard to Plaintiff's request to have her case reinstated and to be removed from FMC-Carswell, Judge McBryde is not a proper party defendant to such claims. Even if so, federal judges are also immune from suit for injunctive and declaratory relief.[10] Also, any motion or challenge by Wetzel-Sanders to the resolution of the claims she previously asserted in case number 4:08-CV-431-A, must be raised in that proceeding or should have been raised in the direct appeal from the resolution of that case. Furthermore, Wetzel-Sanders's request to be "removed from this prison" does not state a constitutional violation. It is well settled that a prisoner does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another.[11] The Bureau of Prisons has "sole discretion" to determine where a federal inmate will be housed.[12] Because the transfer of a federal inmate to another correctional institution does not implicate a constitutional interest, Wetzel-Sanders is not entitled to relief in the form of an order of transfer.

Therefore, any claims for monetary damages are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. §

---

[10] See Collie v. Kendall, et al., No. CIV. A. 3:98-CV-1678-G, 1999 WL 329737, at **5-6 (N.D.Tex. May 19, 1999); see also Wightman v. Jones, 809 F.Supp. 474, 476-79 (N.D.Tex. 1992).

[11] See Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir.1996); Prins v. Coughlin, 76 F.3d 504, 507 (2d Cir.1997).

[12] United States v. Williams, 65 F.3d 301, 307 (2d Cir.1995).

1915(e)(2)(B)(iii), and all remaining claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and (2), and 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED October 26, 2009.

*(signature)*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

5